**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

KENNETH J. KRETSCHMER,                    Case No.: 3:15-bk-03268-PMG

        Debtor.                                   Chapter 7
_____/

**TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files a response within thirty (30) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on Jacob A. Brown, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202; Doreen Abbott, Chapter 7 Trustee, P. O. Box 56257, Jacksonville, FL 32241-6257; U.S. Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801; and any other appropriate persons within the time allowed.

If you file and serve an objection within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the objection and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

      Doreen Abbott, Chapter 7 Trustee (the "Trustee"), by and through her undersigned counsel, moves the Court for entry of an Order compelling the Debtor, Kenneth J. Kretschmer (the "Debtor"), to turn over certain property of the estate, and in support thereof says:

      1.      On July 21, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville

{36272694;1}

Division (the "Bankruptcy Court") in the case styled *In re Kenneth J. Kretschmer*, Case No: 3:15-bk-03268-PMG (the "Bankruptcy Case").

2. On July 22, 2015, the Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

4. On the Petition, the Debtor, *inter alia*: (i) scheduled interests in personal property on Schedule B of the Petition (collectively, the "Personal Property"); (ii) claimed exemptions in, *inter alia*, the Personal Property on Schedule C of the Petition; and (iii) scheduled debts encumbering, *inter alia*, certain items of Personal Property on Schedule D of the Petition, specifically the 2014 Harley Ultra (the "Motorcycle"). The Debtor's Schedules A through J are incorporated by reference herein.

5. Accordingly, to the extent that the Personal Property is not encumbered by a secured debt and the Debtor has not claimed the Personal Property exempt, the Personal Property is property of the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code, and the Debtor is required to turn over the Personal Property to the Trustee pursuant to Section 542 of the Bankruptcy Code.

6. On Schedule B, the Debtor scheduled interests in a (i) Capital City Bank account with a scheduled balance of $0 and (ii) SunTrust checking account with a scheduled balance of $0 (collectively, the "Accounts").

7. The Debtor did not claim any exemptions in the Accounts.

8. Accordingly, any funds in the Accounts as of the Petition Date (the "Petition Date Funds") are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541 and the

Debtor is required to turn over the Petition Date Funds in the Accounts to the Trustee pursuant to 11 U.S.C. § 542.

9. On Schedule B, the Debtor scheduled interests in GECD, Inc. in the amount of $0 (the "Business Interest").

10. The Debtor did not claim any exemptions in the Business Interest.

11. Accordingly, the Business Interest is property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and the Debtor is required to turn over the Business Interest to the Trustee pursuant to 11 U.S.C. § 542.

12. On Schedule B, the Debtor scheduled interests in "Sinkhole litigation for former home c/o Freeman Law Firm, 4245 Fowler Street, Fort Myers, FL" in the amount of $0 (the "Lawsuit").

13. The Debtor did not claim any exemptions in the Lawsuit.

14. Accordingly, the Lawsuit is property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and the Debtor is required to turn over the Lawsuit to the Trustee pursuant to 11 U.S.C. § 542.

15. On Schedule B, the Debtor scheduled interests in the following: (i) potential FCCPA/TCPA claim against Nissan Financing in an unknown amount; (ii) potential FCCPA/TCPA claim against BMW Financing in an unknown amount; and (iii) potential consumer claim FCCPA/TCPA against SunTrust in the amount of $0 (collectively, the "Potential FCCPA Claims").

16. The Debtor did not claim any exemptions in the Potential FCCPA Claims.

17. Accordingly, the Potential FCCPA Claims are property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and the Debtor is required to turn over the Potential FCCPA Claims to the Trustee pursuant to 11 U.S.C. § 542.

18. On Schedule B, the Debtor scheduled interests in a 1996 Ford Mustang (the "Ford") with a scheduled value of $2,500.

19. The Debtor did not claim any exemptions in the Ford.

20. On Schedule D, the Debtor scheduled a lien encumbering the Ford in the amount of $0.

21. The Trustee believes the scheduled value of the Ford is low.

22. Accordingly, the Trustee asserts there may be equity in the Ford that is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, and the Debtor is required to turn over the Ford to the Trustee pursuant to 11 U.S.C. § 542.

23. On Schedule B, the Debtor scheduled interests in the Motorcycle with a scheduled value of $37,000.

24. The Debtor did not claim any exemptions in the Motorcycle.

25. On Schedule D, the Debtor scheduled a lien encumbering the Motorcycle in the amount of $41,654.

26. The Trustee believes the scheduled value of the Motorcycle is low.

27. Accordingly, the Trustee asserts there may be equity in the Motorcycle that is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, and the Debtor is required to turn over the Motorcycle to the Trustee pursuant to 11 U.S.C. § 542.

28. To the extent that the Debtor is or may be entitled to a payment deriving from the disposition of interests in real property scheduled on or omitted from Schedule A of the Petition by a mortgage holder, mortgage servicer, or other secured party by way of a national mortgage settlement, independent foreclosure review, or any other mortgage or servicer settlement program (a "Relief Payment"), said payment is property of the bankruptcy estate pursuant to 11

U.S.C. § 541, and the Debtor is required to turnover that payment to the Trustee pursuant to 11 U.S.C. § 542.

29.     The Debtor may be entitled to a refund (the "Tax Refund") on account of his 2015 federal income tax return (the "Return"). To the extent the Debtor receives a refund, it would appear that at least 202/365 of any refund (the "Refund Interest") would be property of the bankruptcy estate pursuant to 11 U.S.C. § 541, and the Debtor is required to turn over a filed copy of the Return and the Refund Interest to the Trustee pursuant to 11 U.S.C. § 542.

30.     The Trustee is filing an Objection to the Debtor's Claims of Exemptions (the "Objection") simultaneously herewith. The statements contained in the Objection are incorporated by reference herein. The Trustee respectfully requests the Court enter an Order compelling the Debtor to turnover to the Trustee any property determined not to be exempt through resolution of the Objection.

WHEREFORE, Doreen Abbott, Chapter 7 Trustee, respectfully requests the Court enter an Order compelling the Debtor to turnover to the Trustee the Personal Property to the extent that the Personal Property is not encumbered or exempt, Petition Date Funds in the Accounts, Business Interest, Lawsuit, Potential FCCPA Claims, Ford, Motorcycle, any Relief Payment, the Refund Interest, a filed copy of the Return, and any property determined not to be exempt through resolution of the Objection, and granting such other and further relief as the Court deems just and proper.

Dated: October 9, 2015.              AKERMAN LLP

                                           By:*/s/ Jacob A. Brown*
                                                  Jacob A. Brown
                                                  Florida Bar No.: 0170038
                                                  Email: jacob.brown@akerman.com
                                                  Katherine C. Fackler
                                                  Florida Bar No.: 0068549
                                                  Email: katherine.fackler@akerman.com
                                                  50 North Laura Street, Suite 3100
                                                  Jacksonville, FL  32202
                                                  Telephone:  (904) 798-3700
                                                  Facsimile:  (904) 798-3730

                                          Attorneys for Doreen Abbott, Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification or by United States mail, postage prepaid and properly addressed, this 9th day of October, 2015, to:

| | |
|---|---|
| Kenneth J. Kretschmer<br>3119 Double Oaks Drive<br>Jacksonville, FL 32226 | Doreen Abbott, Chapter 7 Trustee<br>P. O. Box 56257<br>Jacksonville, FL 32241-6257 |
| Max Story, Esq.<br>Max Story, PA<br>328 2nd Avenue North<br>Jacksonville Beach, FL 32250 | United States Trustee - JAX 7<br>George C. Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801 |

                                                  */s/ Jacob A. Brown*
                                                  Attorney